UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

AMANDA SCOTT, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF COLLEEN K. SNYDER, Deceased,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

Case No.
Hon.:

_____/

BRIAN J. McKEEN (P34123)
RICHARD T. COUNSMAN (P37860)
McKeen & Associates
Attorneys for Plaintiff
2000 Town Center, Suite 1200
Southfield, Michigan 48075
(313) 961-4400
rcounsman@mckeenassociates.com

_____

## COMPLAINT

NOW COMES Plaintiff, Amanda Scott, as Personal Representative of the

Estate of Colleen K. Snyder, Deceased, by and through their attorneys, MCKEEN &

ASSOCIATES, P.C., and for her Complaint, states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this claim pursuant to 28 USC 1346 because the United States is a Defendant.

2. Jurisdiction is proper because Family Health Center, Inc. received federal funding thereby making it employees, Bethany Eriksen, N.P., and Kimberly L. Girolami, N.P., federal employees.

3. Venue is proper as at all relevant times Family Health Center and its employees, Bethany Eriksen, N.P. and Kimberly L. Girolami, N.P., were located and did business in Kalamazoo, Michigan.

4. Plaintiff, Amanda Scott is the duly appointed Personal Representative of the Estate Colleen K. Snyder, Deceased.

5. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.*, on or about **August 27, 2025**, Plaintiff presented her claim to the appropriate federal agency for administrative settlement under the FTCA requesting $50,000.00. Thereafter, the U.S. Department of Health & Human Services Office of General Counsel, General Law Division -Claim, acknowledged receipt of Plaintiff's federal tort claim.

6. On or about **March 5, 2026,** Plaintiff received a denial of her claim from U.S. Department of Health & Human Services Office of General Counsel, General Law Division -Claim.

7.      The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding costs, interest and attorney fees and is otherwise within the jurisdiction of this court.

## PARTIES

8.      Colleen K. Snyder was at all relevant times a resident of the County of Kalamazoo, State of Michigan.

9.      Family Health Center, Inc. was at all relevant times a federally funded health care facility conducting business in the County of Kalamazoo, State of Michigan.

10.      Bethany Eriksen, N.P.,   was at all relevant times an employee of Family Health Center and was a licensed nurse practitioner practicing in the County of Kalamazoo, State of Michigan.

11.      Kimberly L. Girolami, N.P., was at all relevant times an employee of Family Health Center and was a licensed nurse practitioner practicing in the County of Kalamazoo, State of Michigan.

12.      This medical malpractice claim arises out of the negligent care and treatment Colleen K. Snyder received from the federally funded health care provider (Family Health Center) and its nurse practitioners Bethany Eriksen, N.P. and Kimberly L. Girolami, N.P.

3

## FACTS

**13.**  Colleen K. Snyder, then age 62, sought primary medical care at  Family Health Center Inc. ("Family Health Center") from 2019 through 2024.

**14.**  On November 8, 2019, CT abdominal imaging studies revealed Ms. Snyder has severe sigmoid diverticulosis

**15.**  March 1, 2021, Bethany Eriksen, N.P. noted constipation as one of Snyder's health complaints.

**16.**  March 29, 2021, Ms. Snyder sought a telemedicine consultation with Nurse practitioner, Eriksen concerning Snyder's recurrent unchanged problem of constipation.

**17.**  August 2, 2021, Snyder sought a letter from Nurse practitioner, Eriksen to be excused from jury duty due to constipation issues.

**18.**  September 22, 2021, Nurse practitioner, Eriksen treated Snyder for her complaints of flank pain.

**19.**  Five days later, September 27, 2021, Snyder complained to Nurse Practitioner,  Eriksen regarding constipation issues.

**20.**  Constipation was again noted in the records by Nurse practitioner, Eriksen on December 7, 2021

**21.**  October 18, 2022, and October 24, 2022, Nurse Practitioner,  Girolami, noted constipation amongst Snyder's on-going health concerns.

4

22.    On March 27, 2023, Snyder was examined by Nurse Practitioner Girolami for complaints of constipation.

23.    July 17, 2023, Nurse Practitioner,   Girolami again noted constipation as Snyder's chronic condition.

24.    February 26, 2024, Snyder sought laxative medication from Nurse Practitioner,   Girolami for continuing constipation issues.

25.    On June 11, 2024, while at home Snyder experienced some balance problems, left-sided weakness, confusion and slurred speech.

26.    EMS was called and Snyder was taken to Bronson hospital where she was admitted.

27.    CT imaging studies were taken on June 11, 2024, of her head, chest and pelvic region.

28.    CT of her head demonstrated a large right frontal lesion with significant edema while CT of the chest and pelvis demonstrated the right upper quadrant mass. MRI of the brain demonstrated a singular right frontal mass with significant edema.

29.    On June 12, 2024, a right frontal craniotomy uncovered a right frontal lobe mass with large degree of surrounding edema compatible with a solitary metastasis.

30.    In a report dated June 18, 2024, subsequent cytological examination of the resected brain specimen indicates a metastatic adenocarcinoma compatible with gastrointestinal primary.

31.    Ms. Snyder was discharged from the hospital on June 19, 2024.

32.    Colleen Snyder died on July 28, 2024, ten days after being diagnosed with a metastatic adenocarcinoma.

33.    Despite 5 years of chronic complaints of constipation, Family Health Center, Nurse Practitioner,  Eriksen nor Nurse Practitioner,   Girolami did not once recommend a routine colonoscopy despite Plaintiff being in a high-risk category.

34.    Colleen Snyder was 67 years old when she died.

## COUNT I:
## NEGLIGENCE OF DEFENDANT, UNITED STATE OF AMERICA

35.    Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

36.    Defendant, United States, through its agent,  Family Health Center Inc., and its agents, actual, and/or ostensible, servants, and/or employees, including, but not limited to, Bethany Eriksen N.P. and Kimberly L. Girolami, N.P., when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Colleen Snyder, had a duty to do those things provided for in the paragraphs and allegations provided below in the counts below:

6

a.   On March 1, 2021, when Ms. Snyder complained of constipation with medical records noting that preventive care was overdue, Bethany Eriksen, NP was required to recommend and refer Ms. Snyder for a colonoscopy;

b.  On March 29, 2021, when Ms. Snyder complained of rectal irritation and constipation with medical records noting that preventive care was overdue, Bethany Eriksen, NP was required to recommend and refer Ms. Snyder for a colonoscopy.

c.  On August 2, 2021, September 22, 2021, November 2, 2021, and December 7, 2021, when Ms. Snyder again presented with rectal symptoms and the need for preventative screening, Bethany Eriksen, NP was required to recommend and refer Ms. Snyder for a colonoscopy;

d.  On October 18, 2022, when Ms. Snyder presented with rectal symptoms, and as part of preventative care, given Ms. Snyder's age, Kimberly Girolami, NP was required to recommend and refer Ms. Snyder for a colonoscopy.

e.  On March 27, 2023, Kimberly Girolami, NP was required to recommend and refer Ms. Snyder for a colonoscopy given Ms. Snyder's gastrointestinal complaints and need for preventative care.

f.  On February 6, 2024, Kimberly Girolami, NP was required to recommend and refer Ms. Snyder for a colonoscopy given Ms. Snyder's continued complaints of rectal symptoms and her need for preventative care;

g.   Refrain from overriding the embedded preventative-care alerts in the electronic medical record;

7

h. Understand and appreciate the fact that early identification and treatment of colorectal decreases the risk of its progression to metastatic cancer;

i. Refer the patient to and/or directly consult with an appropriate medical specialist; and,

j. Any and all acts of negligence as identified through additional discovery.

37. As a direct and proximate result of the aforementioned breaches of the applicable standard of care, Colleen Snyder suffered a brain tumor which led to her death.

38. That Defendant United States is vicariously liable for the acts and omissions of its agents, actual, and/or ostensible, servants, and/or employees, including, but not limited to, Family Health Center and its employees, Bethany Eriksen N.P. and Kimberly L. Girolami, N.P.

39. As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's and the federal statutory law and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff requests an award of damages against the Defendant, in whatever amount above Seventy-Five Thousand ($75,000.00) dollars that Plaintiff

is found to be entitled to, together with costs, interest and attorney fees, as well as all other damages allowed under Federal and Michigan law.

Respectfully submitted,

McKEEN & ASSOCIATES, P.C.

/s/ _____

BRIAN J. McKEEN (P34123)
RICHARD T. COUNSMAN (P37860)
Attorneys for Plaintiff
2000 Town Center, Suite 1200
Southfield, MI 48075
(313) 961-4400
rcounsman@mckeenassociates.com

Dated: July 28, 2026

Re:    Colleen Snyder

### AFFIDAVIT OF MERITORIOUS CLAIM OF STEPHEN M. COHEN, M.D.

State of Virginia

County of Chesterfield

I, Stephen M. Cohen, M.D., by this Affidavit, state that during the relevant time period at issue in this matter, I was a licensed, practicing board certified physician devoting the majority of my professional time for the preceding year to general and colon and rectal surgery, and I attest to the following:

1.    I have read the Notice of Intent to File a Claim in this action.

2.    I have reviewed all the medical records provided to me by Plaintiff's Counsel.

3.    On March 29, 2021, Ms. Snyder complained of rectal irritation and constipation with medical records noting that preventive care was overdue.

4.    Five months later, August 2, 2021, Ms. Snyder sought an exemption from jury duty due to her chronic constipation and hemorrhoids.

5.    September 22, 2021, Ms. Snyder complained of flank pain and dysuria. The chart noted that preventive care was overdue.

6.    An office visit of December 7, 2021, noted that preventive care remained overdue.

7.    During the entirety of 2023, Ms. Snyder did not receive preventive care consistent with chronic gastrointestinal complaints.

8.    On June 11, 2024, Colleen Snyder presented to the emergency room exhibiting slurred speech and left sided body weakness.

9.    CT of Ms. Snyder's head revealed 2.2 cm right-frontal intra-axial mass with edema.

10.    From June 11, 2024 to June 13, 2024, Ms. Snyder underwent CT imaging studies of her chest/abdomen/pelvis (CT CAP) revealing a 6 cm gas-containing fistulizing mass centered on the hepatic flexure with direct invasion of duodenum/kidney; bulky porta-hepatis/mesenteric/mediastinal nodes; new 3.7 cm right-adrenal mass.

1

11.    CT CAP report calls the hepatic-flexure lesion the "site of primary disease."

12.    On June 12, 2024,  craniotomy and resection of a brain mass was performed with subsequent analysis revealing a malignant tumor with metastasis being favored.

13.    A patient-physician consultation occurred on June 14, 2024, wherein it was noted that the patient never had a colonoscopy.

14.    On June 18, 2024, the final surgical pathology report of the brain specimen provided that "Metastatic adenocarcinoma compatible with gastrointestinal primary."

15.    Ms. Snyder subsequently died on July 28, 2024, due to metastatic cancer.

16.    Colleen Snyder's death by metastatic cancer was caused by the failure to use preventive measures, including a colonoscopy.

17.    As a direct and proximate result of Colleen Snyder's healthcare providers' failure to use a preventative diagnostic tools, specifically colonoscopy, Plaintiff developed a brain cancer compatible with gastrointestinal primary.

18.    This opinion is based upon a review of the information to date and may or may not change upon review of additional materials.

Stephen M. Cohen, M.D.

Subscribed and sworn to before me on

this 23 day of March, 2026

Notary Public

Acting in Chesterfield County, State of Virginia

My commission expires on: 06/30/2029



Re: Colleen Snyder, Deceased

### AFFIDAVIT OF MERITORIOUS CLAIM OF JONA ELY, DNP, FNP-BC, PMHNP-BC

State of Colorado

County of Routt

I, Jona Ely, DNP, FNP-BC, PMHNP-BC, by this Affidavit, state that during the relevant time period at issue in this matter, I was a licensed, practicing board certified nurse practitioner devoting the majority of my professional time for the preceding year to as a primary care nurse practitioner, and I attest to the following:

1.  I have read the Notice of Intent to File a Claim in this action.

2.  I have reviewed all the medical records provided to me by Plaintiff's Counsel.

3.  Defendants Kimberly Girolami, NP, and Bethany Eriksen, NP, are licensed and practicing nurse practitioners, and their employer, Family Health Center, when evaluating and treating a patient such as Colleen Snyder, owed a duty to timely and properly:

    a. March 1, 2021, when Ms. Snyder complained of constipation with medical records noting that preventive care was overdue, Bethany Eriksen, NP was required to recommend and refer Ms. Snyder for a colonoscopy;

    b. On March 29, 2021, when Ms. Snyder complained of rectal irritation and constipation with medical records noting that preventive care was overdue, Bethany Eriksen, NP was required to recommend and refer Ms. Snyder for a colonoscopy;

    c. On August 2, 2021, September 22, 2021, November 2, 2021, and December 7, 2021, when Ms. Snyder again presented with rectal symptoms and the need for preventative screening, Bethany Eriksen, NP was required to recommend and refer Ms. Snyder for a colonoscopy;

    d. On October 18, 2022, when Ms. Snyder presented with rectal symptoms, and as part of preventative care, given Ms. Snyder's age, Kimberly Girolami, NP was required to recommend and refer Ms. Snyder for a colonoscopy;

1

e. On March 27, 2023, Kimberly Girolami, NP was required to recommend and refer Ms. Snyder for a colonoscopy given Ms. Snyder's gastrointestinal complaints and need for preventative care;

f. On February 26, 2024, Kimberly Girolami, NP was required to recommend and refer Ms. Snyder f` a colonoscopy given Ms. Snyder's continued complaints of rectal symptoms and her need for preventative care;

g. Refrain from overriding the embedded preventative-care alerts in the electronic medical record;

h. Understand and appreciate the fact that early identification and treatment of colorectal cancer decreases the risk of its progression to metastatic cancer;

i. Refer the patient to and/or directly consult with an appropriate medical specialist; and,

j. Any and all acts of negligence as identified through additional discovery.

4.      Family Health Center, Inc. as a duly accredited and licensed health care institution, by and through their agents, actual and/or ostensible, servants, and/or employees, including, but not limited to, by and through its agents, actual and/or ostensible, servants, and/or employees, including, but not limited to, BETHANY ERIKSEN, N.P., and KIMBERY L. GIROLAMI, N.P., as well as any and all other nurse practitioners, which hold themselves out to the public as being competent of rendering medical services, when confronted with a patient such as Colleen Snyder breached the standard of care by failing  to timely and properly do those things listed in paragraph 3.

5.      It is my opinion, based upon the available information, as well as my training, knowledge, education, and experience as a Nurse Practitioner, that there was a failure to do those acts listed above, and such omissions constitute violations of the applicable standard of care.

6.      In order to have conformed to the standard of care, the above-named should have done those things listed in paragraphs 3 through 4, and the respective subsections above.

7.      As a direct and proximate result of Colleen Snyder's healthcare providers' failure to refer her to seek a colonoscopy, Ms. Snyder went without evaluation and suffered a metastatic brain cancer of gastroenteric origin that she succumbed to.

8.      This opinion is based upon a review of the information to date and may or may not change upon review of additional materials.

2

_____
Jona Ely, FNP-BC, RMHNP-BC, DNP

Subscribed and sworn to before me on

this 23rd day of March, 2026

_____
Notary Public

Acting in Moffat County, State of Colorado

My commission expires on: February 14th, 2028

ADILENE YANEZ SANCHEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20244006694
MY COMMISSION EXPIRES FEBRUARY 14, 2028

3